UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAM HOSSEN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-00202-KES-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 3) |

Pending before the Court is pro se Petitioner's Motion to Appoint Counsel, filed on January 12, 2026. (Doc. 3). Petitioner, who currently is detained by Immigration and Customs Enforcement, has pending a petition for writ of habeas corpus filed under 28 U.S.C. § 2241, also docketed on January 12, 2026. (Doc. 1, "Petition"). Petitioner claims he is currently detained pending removal proceedings and has been detained in immigration custody for over 12 months without a bond hearing in violation of the due process clause of the Fifth Amendment. (*Id*. at 2). As relief, the Petition seeks release from custody or, in the alternative, Respondent should be ordered to schedule a bond hearing before an immigration judge. (*Id*. at 17).

Petitioner seeks appointment of counsel due to "the complexity of the law on immigration" and his belief that his Petition has a "strong chance of success." (Doc. 3 at 2). As a

1

threshold matter, there is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); see also *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). To make this assessment, courts consider a petitioner's (a) "likelihood of success on the merits" and (b) "ability ... to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Alternatively, the Rules Governing Section 2254 Cases in the United States District Courts[1] require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

As to the likelihood of success, Petitioner contests his current detention pending removal proceedings. To better ascertain the basis of Petitioner's detention and evaluate Petitioner's due process claim, the Court directed Respondent to respond to the Petition, which is not yet due. Consequently, the Court does not find that Petitioner can show a likelihood of success of the merit at this early stage of the proceedings. Additionally, when directing Respondent to respond to the Petition the Court directed Respondent to attach any records necessary for considering the Petition. Thus, it is not clear whether any discovery or an evidentiary hearing is necessary until the Court reviews the record.

Finally, although Petitioner cites to the complexity of immigration laws, Petitioner was able to competently file his 18-page habeas petition that includes a statement of facts and supporting law concerning his claim for habeas relief. As a result, Court finds the circumstances of this case presently do not indicate that appointed counsel is necessary to prevent due process

---

[1] The Rules governing section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See Id*., R. 1(b).

violation.

Accordingly, it is ORDERED:

Petitioner's motion for appointment of counsel (Doc. No. 3) is denied without prejudice.


Dated:    January 16, 2026    

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3