UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAM HOSSEN, | 1:26-cv-00202-KES-HBK (HC) |
| Petitioner, | |
| v. | ORDER APPOINTING COUNSEL |
| WARDEN OF THE GOLDEN STATE ICE DETENTION FACILITY, et al., | |
| Respondents. | |

Petitioner, who currently is detained by Immigration and Customs Enforcement, is proceeding pro se on a petition for writ of habeas corpus filed under 28 U.S.C. § 2241, docketed on January 12, 2026. (Doc. 1, "Petition").

On January 16, 2026, the Court directed response to the Petition, set a briefing schedule, and directed service of the documents. (Doc. 7). On the same day, the Court denied Petitioner's motion for appointment of counsel *without prejudice*. (Doc. 6). On February 9, 2026, Respondent filed a 2-page response to the Petition but did not provide relevant portions of Petitioner's A-file necessary to resolve the issue presented in the Petition, as directed by the Court's January 16, 2026 Order. (Doc. 7 at 2).

In light of Petitioner's motion for appointment of counsel previously denied without prejudice, the Government's Response to the Petition, and the entire record herein, the Court finds

1

the Government's blanket and cursory response lacks specific information regarding Petitioner's initial apprehension and/or arrest, the basis for continued detention, and the procedural posture in removal proceedings (including, if applicable, any previously held parole and/or bond hearings). Without such fundamental information, Petitioner cannot meaningfully respond to the Government's response or present evidence in support of the habeas petition.  This informational disparity creates a structural imbalance that undermines the fairness of these proceedings and prevents the Court from conducting a proper inquiry into the status and consequent lawfulness of Petitioner's detention.

Thus, given the complexity of immigration law, Petitioner's pro se status, the Government's failure to provide basic factual information necessary for adjudication, and the fundamental liberty interest at stake, the Court finds that the interests of justice require the appointment of counsel.  *See* 18 U.S.C. § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

Accordingly, it is ORDERED:

1. Counsel is APPOINTED for Petitioner.

2. The Clerk of Court shall serve a copy of this order on the Federal Defender, Attention: Habeas Appointment, along with a copy of the Petition.

3. No later than seven (7) days after service of this Order, the Federal Defender, as appointing authority for the Eastern District of California, SHALL:

   a. Identify counsel and send counsel's contact information to the undersigned's courtroom deputy Patricia Apodaca at papodaca@caed.uscourts.gov, who shall update the docket to reflect counsel's appointment.

   b. If counsel is not with the Federal Defender nor a member of the Eastern District of California Criminal Justice Act Panel, they may file a motion to appoint counsel as CJA counsel pro hac vice.

4. No later than twenty-one (21) days after service of this Order, counsel for Petitioner shall file any further pleadings or documents necessary for this court to rule on this matter.

5.   In order to ensure this Court's jurisdiction to resolve the Petition, the Court ORDERS that Respondents shall not remove Petitioner from the United States nor transfer Petitioner out of this District. *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").


Dated:    February 11, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE