UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amam Hossen (A-Number: 221-390-314), <br><br> Petitioner, <br><br> v. <br><br> Warden, Golden State Annex Detention Facility; Current or Acting Field Office Director, San Francisco Field Office Director, United States Immigration and Customs Enforcement; Current or Acting Director, United States Immigration and Customs Enforcement; Current or Acting Secretary, United States Department of Homeland Security; Current or Acting Attorney General of the United States, <br><br> Respondents. | No.  1:26-cv-00202-KES-HBK (HC) <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS <br><br> Doc. 1 |

Petitioner Amam Hossen is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 19.  For the reasons explained below, the petition for writ of habeas corpus is granted.

## I.    Background

Petitioner is a citizen of Bangladesh who was detained shortly after he entered the United States on January 7, 2025.  Doc. 1 at ¶ 23.  He has remained detained since that date.  *See id.*  On October 20, 2025, an immigration judge ordered him removed from the United States but granted withholding of removal to Bangladesh.  *Id.*; *see* Doc. 15 at 25–28.  The EOIR Automated Case

1

Information portal reflects that neither party appealed that decision, *see* EOIR Automated Case Information Tool, https://acis.eoir.justice.gov/en/ (last visited May 12, 2026), so it became final thirty days later, on November 19, 2025, *see* 8 U.S.C. § 1101(a)(47)(B)(ii); 8 C.F.R. § 1003.38(b).

On January 12, 2026, petitioner filed a petition for writ of habeas corpus, and on March 27, 2026, he filed a motion for temporary restraining order. *See* Docs. 1, 19. Respondents filed an opposition to the petition, Doc. 11, but declined to file further briefing in opposition to the motion for temporary restraining order, *see* Doc. 21.

**II.    Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.    Discussion**

Relying on *Zadvydas v. Davis*, 533 U.S. 678 (2001), petitioner argues that his detention is no longer authorized by 8 U.S.C. § 1231(a)(6). *See* Doc 1. In *Zadvydas*, the Supreme Court recognized that 8 U.S.C. § 1231 would pose a "serious constitutional problem" if it were construed to "permit[] an indefinite . . . deprivation of human liberty[.]" *Zadvydas*, 533 U.S. at 690–92. The Court therefore read an implicit constitutional limitation into 8 U.S.C. § 1231: If, six months after being ordered removed, an immigration detainee "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the

Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.  Once it has been determined that "there is no significant likelihood of removal in the reasonably foreseeable future[,]" then the government must release the noncitizen.  *Id.*

Petitioner has been detained for over six months since his removal order became final. *See* Doc. 1 at ¶ 23; 8 U.S.C. § 1101(a)(47)(B)(ii); 8 C.F.R. § 1003.38(b).  Petitioner was granted withholding of removal to Bangladesh, so the government cannot remove him to that country. *See* 8 U.S.C. § 1231(b)(3)(A).  While the government may theoretically remove him to a third country, many courts have noted that "third country removal is exceedingly rare."  *See, e.g., Danish v. Noem*, No. 2:26-CV-01069-DAD-SCR, 2026 WL 851169, at *1 (E.D. Cal. Mar. 27, 2026); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 537 (2021) (discussing study which showed that in 2017 "only 1.6% of aliens who were granted withholding of removal were actually removed to an alternative country").  Moreover, respondents do not argue that they are attempting to remove petitioner to a third country.  *See* Doc. 11.  Petitioner points out that certain documentation that they gave him in December 2025 stated that they were "attempting to identify a third country for removal," *see* Doc. 15 at 14, but it appears from respondents' silence on this issue in these proceedings that they have not been able to identify such a country.

Even if respondents did identify a third country to which they might remove him, petitioner would still be entitled to file for withholding of removal or asylum as to that country. *See Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) (explaining that noncitizens have a due process right to apply for asylum and withholding of removal to alternative countries to which they may be removed); 8 U.S.C. § 1231(b)(3) ("[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion").  "While such proceedings may only delay removal, [t]he fact that [Petitioner] likely will have the opportunity to seek further relief from the Immigration Court, and then potentially file appeals from any adverse rulings, further demonstrates that removal is not likely in the *reasonably foreseeable future*."  *Ndandu v. Noem*, No. 3:25-CV-02939-RBM-MSB, 2026 WL 25848, at *5 (S.D. Cal. Jan. 5, 2026) (emphasis

3

added).

Respondents fail to rebut petitioner's showing. Their response does not address whether there is a significant likelihood of petitioner's removal in the reasonably foreseeable future. Instead, respondents argue, incorrectly, that petitioner is an "applicant for admission" subject to 8 U.S.C. § 1225(b)(2)(A). *See* Doc. 11. But "[a]s a noncitizen subject to a final order of removal, [petitioner's] detention is squarely governed by 8 U.S.C. § 1231, not 8 U.S.C. § 1225." *Zadori v. Noem*, No. 5:25-CV-02832-MRA-DFM, 2025 WL 3724456, at *4 (C.D. Cal. Nov. 19, 2025).

On this record, the Court finds that there is no significant likelihood of petitioner's removal in the reasonably foreseeable future. His continued detention is no longer authorized by 8 U.S.C. § 1231.

**IV.      Conclusion and Order**

Accordingly,

1. The petition for writ of habeas corpus, Doc. 1, is GRANTED.

2. Respondents are ORDERED to release petitioner immediately.

3. Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

4. The Clerk of Court is directed to close this case and enter judgment for petitioner.

5. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:   May 22, 2026

_____
UNITED STATES DISTRICT JUDGE

4